## Silas Bemis *versus* Henry Upham *et al.*

Upon an application to this Court for an injunction to restrain the defendants from keeping up a mill-dam, to the nuisance of the plaintiff's mill privilege higher up the stream, it was *held,* that the case was within the equity jurisdiction of the Court.

Bill in equity. The plaintiff alleges, that, ever since December 1, 1827, he has been seised in fee of land in Barre, upon both sides of Ware river, upon which land and stream, during all that term of time, there has been a water privilege and a mill dam, and that during that term he has been and still is desirous of erecting a mill upon the land ; that the defendants have, from March 1, 1828, unlawfully erected a dam across the stream, below and near the plaintiff's water privilege, whereby the water has been set back and raised, and the plaintiff's dam been overflowed, and the plaintiff been thereby prevented from erecting a water mill and enjoying his water privilege ; and that the defendants, well knowing that the dam complained of has been adjudged to be a nuisance to the plaintiff and to his premises above mentioned, by the judgment of this Court in an action brought by the plaintiff against Benjaman Clark, under whom the defendants derive their title, though requested to remove their dam and the nuisance thereby occasioned to the plaintiff, still continue to keep up the dam. The plaintiff therefore prays that the defendants may be enjoined and prohibited from any longer keeping up and continuing their dam, and the nuisance thereby occasioned to the plaintiff, and that the same may, by order and due process of the Court, be abated and removed.

Bemis
v.
Upham.

The defendants plead, that the matters of complaint, as set forth in the bill, are cause of action within the jurisdiction of the Court of Common Pleas, and not within the jurisdiction of this Court as a court of equity.

*Oct. 8th.*

*Hoar* and *Merrick*, in support of the plea, cited *St.* 1828, c. 137, § 6; *Charles River Bridge* v. *Warren Bridge*, 6 Pick. 380.

*J. Davis* and *Washburn*, for the plaintiff, cited *St.* 1827, c. 88; *Dwight* v. *Pomeroy*, 17 Mass. R. 327; *Charles River Bridge* v. *Warren Bridge*, 6 Pick. 398; *Hughes* v. *Morden College*, 1 Ves. Jun. 188; *Coulsen* v. *White*, 3 Atk. 21; *East India Co.* v. *Vincent*, 2 Atk. 83; *Finch* v. *Resbridger*, 2 Vern. 390; *Gardner* v. *Newburgh*, 2 Johns. Ch. R. 164; *Van Bergen* v. *Van Bergen*, ibid. 272; *Belknap* v. *Belknap*, ibid. 472; *Bush* v. *Western*, Prec. in Ch. 530.

*Oct. 9th.*

SHAW C. J. delivered the opinion of the Court. The plea filed in this suit is in effect a general demurrer, and the question presented by it is, whether the case set forth in the plaintiff's bill is within the equity jurisdiction of this Court; and the Court are all of opinion that the case is within that jurisdiction. The statute authorizes the Court to hear and determine in equity any matter touching waste or nuisance, in which there is not a plain, adequate and complete remedy at law. *St* 1827, c. 88.

It is not contended that the grievance, of which the plaintiff complains against the defendant, that of erecting a dam on land below the plaintiff's land, and thereby throwing the water back upon the plaintiff's, is not technically and strictly a nuisance, but it is objected that the plaintiff has an adequate and complete remedy at law, especially in the power given to the Court by a late statute, authorizing them on motion, after judgment for the plaintiff, in an action on the case for a nuisance, to order such nuisance to be removed and abated, as in case of a common nuisance. *St.* 1828, c. 137, § 6.

But is this remedy adequate, within the meaning of the statute? Is it equally complete, effectual and beneficial? The power given by this statute is obviously discretionary, and the exercise of it will depend upon the circumstances of each particular case; — it is to be exercised on motion, all the facts

must be proved to the Court by affidavit, and besides, it can bind nobody but the party, who must be the actual wrong-doer, and not other parties in interest, claiming rights in the same estate. Further, such an order and warrant could only be to abate and remove the nuisance. The nuisance or cause of damage is the flowage, and that is occasioned by the dam, sluices and gates, and the nuisance might be abated by hoisting the gates, or removing the planks from a wasteway. These might be so easily replaced, that there would be a strong temptation to do it; and I know of no power to enforce the execution of the warrant after it is once executed. Whereas, a decree in equity can extend to all parties having an interest and bind them, and it may be effectual and perpetual. Instead of requiring an entire prostration of the nuisance, it may be modified and adapted to the just rights of the parties; it may order an abatement in part, determine the height to which the dam may be kept, the terms on which it may be kept up, the mode of using the water and other incidents, and thus it may be more beneficial for both parties, than a mere and absolute abatement.

It was contended in argument, that the Court would take jurisdiction of nuisances only in urgent cases, where the prompt interposition of the Court is necessary, by immediate injunction, and where the proceedings at law would be too slow. But we think this no test of superior efficacy and completeness of the remedy in equity, although it is one of its advantages In the case of *Charles River Bridge* v. *Warren Bridge*, 6 Pick. 376, which was very much considered, the Court refused to grant an immediate injunction, but still took jurisdiction of the cause. In the present case, we think it sufficient, that the remedy in equity is more adequate, and better adapted to reach the justice of the case, and more complete by being at once more comprehensive and effectual.

*Plea overruled*